**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:                                                                                              Case No. 15-20819-PRW

    KIM M. GILES, a/k/a Kim M. Eisenman                     Chapter 7
    a/k/a Kim Marie, f/k/a Kim M. Sargent

Address: 314 Meadowbrook Parkway E
          Horseheads, New York 14845
SSN/Tax ID: xxx-xx-6417
-----------------------------------------------------------------x

**OBJECTION TO (a) TRUSTEE'S FINAL REPORT AND ACCOUNT,
(b) APPLICATION FOR COMPENSATION AND EXPENSES, and (c) ALLOWANCE
OF ADMINISTRATIVE EXPENSES PAID BY THE TRUSTEE**

    Kim M. Giles (the "debtor"), by and through her counsel, Legal Assistance of Western New York, Inc., respectfully submits this Objection to (a) Trustee's final report and account, (b) Application for compensation and expenses, and (c) Allowance of administrative expenses paid by the Trustee ("Objection") and asks that the Trustee's Final Report be rejected as premature and for such other and further relief as the court deems just and proper.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §157(a) and the Standing Order of Reference from the United States District court, WDNY, dated February 29, 2012, referring all cases under Title 11 to be heard by bankruptcy judges in this district. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A),(B).

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested on this Objection and Motions are §§ 326, 330, 522, 541, 542, 704 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 1009, 4003(b), 5009(a), 9013, 9014, 9029 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rules 1009-1, 9013-1(A),(B) and (C)

1

and  9014-1(A), (C) of the Local Rules for the Bankruptcy Practice and Procedure of the United States Bankruptcy court for the Western District of New York (the "Local Rules"). Chapter 7 Trustee conduct is also governed by the Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, most recently updated October 11, 2012(the "Handbook").

## FACTUAL BACKGROUND

4. The debtor filed a petition under Chapter 7 of the Bankruptcy Code on July 17, 2015. Douglas J. Lustig was appointed by the Office of the U.S. Trustee as interim trustee. No creditors exercised rights to elect a trustee and interim trustee Lustig became the trustee in this bankruptcy case pursuant to 11 U.S.C. § 702(d) (the "Trustee").

5. The § 341 Meeting of Creditors was held on August 28, 2015 in Watkins Glen. The Trustee questioned debtor regarding her financial affairs and her tax refunds from 2014 (which were disclosed on the IFP Supplement) and whether she expected a refund for 2015. Due to an oversight, the debtor did not list the contingent 2015 refund on Schedule B but cooperated with the Trustee's questions informing him that she expected a similar return in 2015 as she received in 2014.

6. The Trustee informed debtor and her counsel that he would hold the case open to collect the estate's pro rata share of the 2015 tax refund and to turnover a copy of her 2015 returns as soon as they were filed. The Trustee did not make a request that debtor amend her schedules to reflect the 2015 tax return at that point in time. The meeting was closed on August 31, 2015 with the notation "*possible asset*" on the court's docket (ECF No. 17).

7. The debtor was granted a discharge by Order of the court signed October 30, 2015 (ECF No 22).

8. On March 2, 2016, the debtor provided copies of her 2015 Federal and New York State tax returns to the Trustee.

9. By letter dated March 3, 2016, the Trustee demanded turnover of $2,966.15 from the debtor which consisted of $2,682.54 (estate's pro-rate share of 2015 tax refund) plus $283.61 (debtor's bank account and cash on hand from the date of filing).

10. On March 4, 2016 the Clerk filed a Notice of Need to file Proof of Claim due to recovery of assets which set a June 6, 2016 deadline for all claim filings (ECF No. 25).

11. By letter dated March 7, 2016, the debtor wrote to the Trustee directly explaining that the money contained in her bank account was from child support and pre-petition earnings and she believed it to be exempt.

12. By letter dated March 10, 2016, the Trustee demanded turnover of $2,752.03 which consisted of: $2,682.54 (estate's pro-rata share of 2015 tax refund) plus $39.49 (the amount in debtor's bank account the day of filing) plus $30.00 (cash the debtor had on date of filing). The Trustee agreed to exclude the debtor's child support and paycheck received the date of filing in the combined amount of $214.12.

13. On March 18, 2016, the debtor amended her schedules to add her 2015 tax refunds to Schedule B and claim an exemption on Schedule C for the New York portion of the Earned Income Credit and Child Tax Credit totaling $1,014.00 as a "local public assistance benefit" pursuant to New York Debtor and Creditor Law § 282(2)(a) ("Debtor's Amendments") (ECF No. 27). A copy of the Debtor's Amendments are attached hereto as **Exhibit A.**

14. Debtor's Amendments complied with Bankruptcy Rule 1009 and Local Bankruptcy Rule 1009-1. Debtor's Amendments included the required amendment cover sheet and were served upon the Trustee, the U.S. Trustee and all creditors in this bankruptcy case.

15. By letter dated March 23, 2016, debtor's counsel wrote to the Trustee setting forth the legal basis for Debtor's Amendments and recent case law which supported debtor's claimed exemption or for a possible modification of the current case law in the district. *See In re Santiago-Monteverde,* 24 N.Y.3d 283 (2014) (On certification from the 2nd Circuit Court of Appeals the court liberally interpreted the local public assistance benefit exemption contain3ed in N.Y. Debtor and Creditor Law §282(2)(a) to include rent-stabilized leases).

16. This letter also requested the Trustee consider abandoning the asset as being of inconsequential value which would not provide a meaningful distribution to unsecured creditors and included a liquidation analysis.

17. On April 7, 2015 the Trustee filed an Objection to the debtor's exemption. (ECF No. 28) ("Exemption Objection"). A copy of the Exemption Objection is attached hereto as **Exhibit B.**

18. By letter dated April 7, 2016, the Trustee again demanded turnover of the tax refund in the amount of $2,752.03 and set a deadline April 16, 2016 to comply or he would file a motion for turnover.

19. The Trustee's April 7th demand stated that a copy of the Trustee's Exemption Objection was attached and that he believed this preserved the Trustee's objection "without bringing a formal motion at this point".

20. On April 14, 2016, the debtor turned over the amount demanded by the Trustee, $2,752.03, but specifically reserved her exemption. Debtor turned over the amount demanded even though partially claimed as exempt because the trustee filed a timely objection the exemption so the property remained part of the bankruptcy estate and would not become allowed until a decision by the court was made. This simplified the issue by removing the issue of

turnover and leaving only whether the exemption was properly claimed to be determined by the Court.

21. The April 14th Letter notified the Trustee the Exemption Objection was not in compliance with the Local Bankruptcy Rules 9013-1(C) and the Amended Standing Order filed with the Clerk on December 18, 2009 governing default procedures for motions heard in Rochester and Watkins Glen. Exhibit A to the Amended Order, page 4 states the court's rule for motions objecting to debtor's claimed exemption governed by Bankruptcy Code § 522 and Bankruptcy Rule 4003(b). The court's default motion procedures require objection to the debtor's exemption be made by motion on notice under the default procedures for Rochester and Watkins Glen.

22. The Exemption Objection contained a stipulation at the bottom for the debtor to consent to withdrawal of her claimed exemption. This was never signed or consented to by the debtor.

23. On May 10, 2016, debtor's counsel sent a letter to the Trustee's office requesting a status update with regards to his Exemption Objection (whether the Trustee would file a motion as required by the local rules and as he previously represented he may do in his April 7th demand).

24. The Trustee responded by letter dated May 13, 2016, stating "First I do not need to be lectured by you" and notifying debtor's counsel "For well over 20 years this procedure has been used by this Court (agreed to by the Bar as well as the court as it saves significant time and expense)."

25. The Trustee also responded that if debtor made a motion to seek abandonment of the exempt portion the tax refund it "would further delay administration of this case" and he would consider bringing a cross-motion (although he does not specify what cross-motion).

26. Debtor's counsel reasonably relied on representations from the Trustee as well as the local rules that a Motion would be forthcoming bringing the allowance of the exemption before the court for a decision.

27. Upon information and belief, on or about June 6, 2016, the Trustee signed the Trustee's Final Report ("TFR") and forwarded the same to the U.S. Trustee. Upon information and belief, on or about June 27, 2016 the U.S. Trustee caused the TFR to be filed with the court (ECF Nos. 29-30).

28. On June 28, 2016 the Clerk issued Notice of the TFR and application for compensation and expenses and allowance of administrative expenses paid to Trustee which states timely objections had to be filed with the court by July 22, 2016 and served upon the U.S. Trustee and the party whose application is being challenged. (ECF No. 31).

## **OBJECTION TO (A) TRUSTEE'S FINAL REPORT AND ACCOUNT**

### Estate Not "Fully Administered" Bankruptcy Rule 5009

*Exemption Objection:*

29. Furthermore, The Trustee's commission is incorrectly calculated because it is based on the gross receipts, but $1,014.00 should be paid to the debtor for her claimed exemption absent a court order disallowing the exemption.

30. The filing of the TFR by the Trustee is premature pending a decision by the court regarding Trustee's Exemption Objection or its withdrawal by the Trustee.

31. This Objection to the TFR is governed by Bankruptcy Rule 5009. The debtor has standing and is a party in interest to object to the TFR because she has a pecuniary interest in the outcome and whether her exemption is allowed by the court and must be paid by the Trustee.

32. The debtor respectfully represents that the estate is not "fully administered" because the Trustee has failed to prosecute or withdraw his Exemption Objection therefore property dispute/contested matter pending which will impact the potential distribution to creditors.

33. The proper scope of the court's inquiry upon an objection to the TFR is limited to the question of whether the Chapter 7 estate has been "fully administered." *In re The Law Firm of Frank R. Bayger, P.C.*, 2014 WL 3534048 (COURT.D.N.COURT. Judge Kaplan, 7/16/14). Examples include Trustee's overlooking assets needing administration, Trustee failure to disburse all the estate funds, and whether a motion or adversary proceeding was left pending. *Id.*

34. The Trustee acknowledged in his April 7, 2016 letter to debtor's counsel that a formal Motion was required to object to the debtor's exemption and bring the matter before the court.

35. The Trustee's final report ¶ 3 states that exempt property has been released to the debtor pursuant to 11 U.S.C. § 522. This is not accurate as there is a pending objection to determine debtor's claimed exemption.

36. The Trustee left the Exemption Objection pending and proceeding to file the TFR even though debtor's counsel had sought updates regarding this dispute and the Trustee's acknowledgement in his April 7, 2016 letter that a formal motion would be required at some point.

37. The Trustee seems to be trying to use a backdoor procedure deny the debtor her exemption. Instead of bringing the matter before the Court by motion as the Local Rules require and as the Trustee initially represented he would do he proceeded with the TFR as though the issue had already been decided by the Court in his favor and hopes no party in interest will object to the TFR prior to the deadline.

38. The trustee has a duty to investigate the financial affairs of the debtor, which includes a duty to maximize the estate and review and object to the debtor's exemptions if appropriate as a mean to maximize the distribution of the estate. Bankruptcy Code § 704(4). *In re Bell*, 225 F.3d 2034, 221 (2d Cir. 2000)("The duty to review and, if necessary object to, claimed exemptions is nowhere specifically mentioned – although it is subsumed within the general duty to 'investigate the financial affairs of the debtor.'"). *See also* Handbook 4-4.

39. The issue of the allowance of the debtor's exemption of a portion of her tax refund as a local public assistance benefit has not been decided by the court and no Order has been entered disallowing the exemption claimed. *See In re McDonald*, 42 B.R. 568 (Bankr. COURT.D.N.COURT. 2009)(Distinguishing turnover of property of estate with resolution of exemption claims)(Contemplating turnover of exempt assets, Bankruptcy Code § 542 impliedly allows the return of those assets to the debtors after an exemption is finally established). *Id.*

40. The Trustee's Exemption Objection reserved the Trustee's right to file a motion on notice to obtain a determination by the court regarding the debtor's exemption.

41. The Exemption Objection was never pursued or withdrawn by the Trustee. Therefore, the estate is not fully administered as there is a pending dispute as to property of the bankruptcy estate which must be decided before the TFR can even be prepared.

42. In the alternative, the court should conclude the Trustee abandon his right to object to the exemption and allow debtor's exemption and Order the Trustee to return those funds to the debtor and adjust the amount available to creditors accordingly and file an amended final report.

43. The Trustee is a long standing member of the panel of Chapter 7 Trustee's and is bound to comply with the courts Local Rules and the Bankruptcy Rules. The Trustee's Objection Exemption gave no reason he needed further time to file a motion to object as is required by

Bankruptcy Rule 4003(b). The reservation of the right to file a formal motion should be lost when the Trustee submits a TFR affirming under penalties of perjury that the estate is full administered and funds are available for distribution.

*Trustee did not object to Proof of Claim:*

44. The TFR, Exhibit A, Form 1, states that the Trustee reviewed the claims in this case and that no objections were necessary. Seven claims were filed by general unsecured creditors. The Trustee has a statutory duty to examine proof of claims and object to any improper claims, if a purpose would be served. 11 U.S.C. § 704(5). *See also,* Handbook 4-26.

45. In determining whether a purpose would be served the inquiry is whether other creditors would receive a greater distribution if the claims objection was pursued. *In re Sinclair's Suncoast Seafood, Inc.,* 140 B.R. 588, 592 (Bankr. M.D. Fla. 1992).

46. A review of itemization of Claim #1 filed by Southern Tier Health Care Credit based on amounts allegedly owed to Arnot Ogden Medical Center are duplicates of Claim #7 filed by Arnot Ogden Medical Center. Southern Tier Health Care Credit was not listed on debtor's Schedule F. Arnot Ogden Medical Center was listed as having a judgment which was also listed in the statement of financial affairs. Attached hereto as **Exhibit A,** is a collection letter from the law firm of Robert P. Rothman, P.C. dated 4/10/15 which itemizes the items that were eventually included in the judgment which is the basis of Claim $7. The following itemized items included in Claim #1 are already included in the judgment of Arnot Ogden Medical Center Claim #7:

a) Claim 1, p.3, $763.51, Date of Service 4/11/13

b) Claim 1, p.4, $943.41, Date of Service 4/22/13

c) Claim 1, p.18, $43.19, Date of Service 12/16/13

d) Claim 1, p.21, $46.82, Date of Service 11/13/13; and

9

e) Claim 1, p.22, $163.88, Date of Service 7/14/11.

These duplicates total $1,960.82 and Claim #1 of Southern Tier Health Care Credit should be stricken in the amount of $1,960.82 as being duplicates of what is in Claim #7.

47. While the Trustee did not have the benefit of what is attached as Exhibit A, Southern Tier Health Care Credit's claim consisting of amounts partially owed to Arnot Ogden Medical Center along with the fact Arnot Ogden Medical Center filed their own Claim should have led the Trustee to demand more information to make sure he was not paying duplicate claims. *See In re Doherty,* 400 B.R. 382, 383 (Bankr. W.D.N.Y. 2009)(Trustee Douglas Lustig argued at hearing that bankruptcy trustees have a fiduciary duty to insure that, if they pay a claim, they are paying the proper claimant , and in the absence of satisfactory proof of ownership by an alleged purchaser or transferee, the Trustees cannot have the necessary assurance that they are properly fulfilling their fiduciary duty).

48. Furthermore, Claim #1 filed by Southern Tier Health Care Credit checks in box #8 that they are the creditor but the itemization attached shows they are filing claims on behalf of Arnot Ogden Medical Center and Arnot Medical Services both of who are listed on debtor's schedule F and had lawsuits against the debtor including in the statement of financial affairs. Southern Tier Health Care Credit provided no proof that it was the owner of the Claim #1 for amounts owed to Arnot Ogden Medical Center and/or Arnot Medical Services, P.C. *In re Doherty*, 400 B.R. 382, 383 (Bankr. W.D.N.Y. 2009)(absence of satisfactory proof of ownership by an alleged purchaser or transferee or successor-in-interest, that proof of claim can and must be disallowed).

49. Therefore, the Trustee had a duty to object to Claim # 1 in its entirety as being a partial duplicate of Claim #7 and because the claimant filed no proof of ownership and were not listed in the debtor's schedules as a creditor.

## OBJECTION TO (B) APPLICATION FOR COMPENSATION AND EXPENSES, and (C) ALLOWANCE OF ADMINISTRATIVE EXPENSES PAID BY THE TRUSTEE

50. The standing of debtor to object to the Trustee's compensation is not relevant due to the fact that the court on its own motion may award compensation that is less than the amount of compensation that is requested. Bankruptcy Code §330(a)(2). Furthermore, a bankruptcy court has an independent duty to review and evaluate all applications for professional fees, even in the absence of an objection. Bankruptcy Code §330(a)(1); Bankruptcy Rule 2017(b).

51. Trustee compensation is governed by Bankruptcy Code § 330 and treated as a commission, subject to the limitations set forth in §326. The plain language §326(a) provides that that the levels of compensation are not mandatory, but which the court "may allow" in its discretion "at the rates not to exceed any of the specified percentages of moneys distributed."

52. The Trustee earns no commission on moneys disbursed to the debtor. Bankruptcy Code §326(a). The statutory rates of commission apply only to distributions "in the case".

53. The Trustee has not calculated his commission in accordance with the statute. The debtor properly claimed an exemption with regards to her 2015 tax refund in the amount of $1,014.00. The trustee filed an objection but never pursued or obtained a court order denying this scheduled exemption. Therefore, this exemption should be deemed allowed and must be returned to the debtor and the Trustee may not receive a commission on this disbursement.

54. The amount that will be distributed the creditors and therefore the amount of the Trustee's commission cannot be determined until the Exemption Objection is resolved.

55. The Trustee did not perform all of his statutory required duties in this case including objecting the debtor's exemption, review proof of claims and or responding to inquiries from debtor's counsel regarding the status of open disputes that needed to be resolved. The Trustee

11

Case 2-15-20819-PRW, Doc 34-1, Filed 07/22/16, Entered 07/22/16 14:04:20, Description: Objection, Page 11 of 12

further discouraged debtor from filing a motion to seek abandonment of here exempt property telling counsel it would further delay administration of the estate. What further delayed the administration of this estate was the premature filing of the TFR and the Trustee's failure to take action on his Exemption Objection.

**WHEREFORE,** the debtor requests that the court reject the Trustee's TFR as being filed prematurely before the estate was fully administered pursuant to Bankruptcy Rule 5009. Furthermore the Court should either (i) Allow the debtor's exemption and enter an Order for the Trustee to pay the debtor's exemption and file an amended TFR or (ii) Enter an Order setting a discreet time by which the Trustee must file a motion on notice to object to the debtor's exemption. Lastly, it is in the best interests of the unsecured creditors if the Trustee file an objection to the duplicate proof of claim that also has no proof of ownership or assignment.

Dated: Elmira, New York
      July 22, 2016

**Legal Assistance of Western New York, Inc.**
*Attorneys for Debtor Kim M. Giles*

/s/ Matthew S. Mansfield
Matthew S. Mansfield, Esq.
Staff Attorney
215 E Church St, Suite 301
Elmira, New York 14901
Tel: 607-734-1647; Fax: 607-734-1018
Email: mmansfield@lawny.org