UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                   Case No. 15-20819-PRW

    KIM M. GILES, a/k/a Kim M. Eisenman                    Chapter 7
    a/k/a Kim Marie, f/k/a Kim M. Sargent

Address: 314 Meadowbrook Parkway E
          Horseheads, New York 14845
SSN/Tax ID: xxx-xx-6417
-----------------------------------------------------------------x

## NOTICE OF HEARING OF OBJECTION TO PROOF OF CLAIM #1 FILED BY SOUTHERN TIER HEALTH CARE CREDIT

    Kim M. Giles (the "debtor"), by and through her counsel, Legal Assistance of Western New York, Inc., has filed an objection to the proof of claim of Southern Tier Health Care Credit (ECF Claim #1) in the Bankruptcy Court for the Western District of New York. A hearing on the objection will be held at the United States Bankruptcy Court located at the Schuyler County Courthouse, 105 9th Street, Watkins Glen, New York 14891on September 30, 2016 at 11:30 A.M. only if a written request for a hearing is filed by the claimant as outlined below.

    **"PURSUANT TO FRBP 9014 AND THE STANDING ORDERS IMPLEMENTING DEFAULT PROCEDURES IN ROCHESTER AND WATKINS GLEN; IF YOU INTEND TO OPPOSE THE MOTION, AT A MINIMUM, YOU MUST SERVE: (1) THE MOVANT AND MOVANT'S COUNSEL, AND (2) IF NOT THE MOVING PARTY (A) THE DEBTOR AND DEBTOR'S COUNSEL; AND (B) IN A CHAPTER 11 CASE, THE CREDITORS' COMMITTEE AND ITS ATTORNEY, OR IF THERE IS NO COMMITTEE, THE 20 LARGEST CREDITORS; AND (C) ANY TRUSTEE. IN ADDITION, YOU MUST FILE WITH THE CLERK OF THE BANKRUPTCY COURT WRITTEN OPPOSITION TO THE MOTION NO LATER THAN THREE (3) BUSINESS DAYS PRIOR TO THE RETURN DATE OF THE MOTION NOTWITHSTANDING THE DECEMBER 1, 2009 AMENDMENTS TO FRBP 9006(a). IN THE EVENT THAT NO WRITTEN OPPOSITION IS SERVED AND FILED, NO HEARING ON THE MOTION WILL BE HELD ON THE RETURN DATE AND THE COURT WILL CONSIDER THE MOTION UNOPPOSED."**

1

**IF YOU OPPOSE THE OBJECTION TO YOUR CLAIM, YOU MAY WANT TO ATTEMPT TO RESOLVE AND SETTLE THE CLAIM OBJECTION PRIOR TO FILING WRITTEN OPPOSITION AND AVOID THE NEED FOR AN ATTORNEY AND/OR A COURT APPEARANCE.**

**OBJECTION TO CLAIM**

1. The debtor objects to the following proof of claim filed in this case (ECF Claim #1):

<u>Claimant's Name:</u> Southern Tier Health Care Credit ("claimant" or "STHCC")

<u>Claim Number:</u> Claim # 1   <u>Amount of Claim:</u> $2,610.70.

According to the attached documentation the claim is based on 5 dates of service by Arnot Ogden Medical Center ("AOMC") and 15 dates of service by Arnot Medical Services, P.C. ("AMS"). A copy of this claim is attached hereto as **Exhibit A.**

2. In the Western District of New York, even absent a surplus, the debtor is always a party of interest with respect to claims objections and therefore has standing to object. 11 U.S.C. § 502(a); *In re: Matusick*, 522 B.R. 755, 758 (Bankr. W.D.N.Y. 2014).

3. The claimant is not listed in the debtor's schedules and failed to show satisfactory proof of ownership of debts alleged to be owed to AOMC or AMS. "In the absence of sufficient proof of ownership of a claim, whether it be by a purchaser, transferee or successor-in-interest, that proof of claim can and must be disallowed." *In re Doherty*, 400 B.R. 382, 383 (Bankr. W.D.N.Y. 2009); *Matusick* at 761.

4. As of the date of the filing of this case on July 17, 2015, AOMC had obtained a judgment in Elmira City Court and AMS had a pending active case in Elmira City Court. Claimant has provided no documentation that amounts owed to AMS and/or AOMC were transferred to their ownership post-petition. When a proof of claim is based on a writing, a copy of the writing shall be filed with the proof of claim. Bankruptcy Rule 3001(c)(1).

5. Since claimant did not attach the writing proving ownership of the alleged debts the claim does not constitute prima facie evidence of its validity and amount. Bankruptcy Rule 3001(f).

6. Furthermore, AOMC filed its own proof of claim in this case in the amount of $9,889.34 (ECF Claim # 7). This claim was based upon a judgment obtained in the Elmira City Court action referenced in ¶ 4. A copy of this proof of claim is attached hereto as **Exhibit B.**

7. In a collection letter dated April 10, 2015, counsel for AMS and AOMC sent debtor a breakdown of the services that made up the amounts that were presently due to each. The services STHCC seeks to collect on are already included in the judgment obtained by AOMC. A copy is attached hereto as **Exhibit C.**

8. All of the amounts sought by STHCC in Claim #1 are duplicates as they are included in the judgment obtained by AOMC and included in Claim #7. The duplicate amounts and dates of service for Claim #1 and Claim #7 are:

   a) Claim 1, p.3, $763.51, Date of Service 4/11/13

   b) Claim 1, p.4, $943.41, Date of Service 4/22/13

   c) Claim 1, p.18, $43.19, Date of Service 12/16/13

   d) Claim 1, p.21, $46.82, Date of Service 11/13/13; and

   e) Claim 1, p.22, $163.88, Date of Service 7/14/11.

9. Furthermore, debtor's counsel has searched the New York Department of State Division of Corporations database and STHCC current entity status is "INACTIVE – Dissolution (Jan 26, 1995). A copy of this search as of August 2, 2016 is attached hereto as **Exhibit D.**

10. Copies of this Notice and objection are being sent to the Trustee, United States Trustee, AMS, AOMC, STHCC and their counsel Rothman Evans, P.C. (AMS, AOMC and STHCC are all represented by Rothman Evans, P.C.).

**WHEREFORE,** the debtor requests that the court enter an order disallowing the claim of STHCC, Inc. based on the following grounds pursuant to 11 U.S.C. §502(a) and Bankruptcy Rule 3001(c)(1),(f): (i) claimant is not active Corporation authorized to conduct business in New York, (ii) claimant filed to attach a writing to the proof of claim showing they have ownership interest in the alleged debts, and/or (iii) the claim contains duplicates of $1,960.82 for services rendered by AOMC that are included in Claim #7 based on the judgment obtained by AOMC.

Dated: Elmira, New York
August 8, 2016

**Legal Assistance of Western New York, Inc.**
*Attorneys for debtor Kim M. Giles*

/s/ Matthew S. Mansfield
Matthew S. Mansfield, Esq.
Staff Attorney
215 E Church St, Suite 301
Elmira, New York 14901
Tel: 607-734-1647; Fax: 607-734-1018
Email: mmansfield@lawny.org